BLETTNER v. GILL et al.

(Circuit Court of Appeals, Seventh Circuit. February 1, 1918. Rehearing
Denied March 11, 1918.)

No. 2549.

1. PATENTS ⊜324(5)—INFRINGEMENT—DECREE—REVIEW—CONFLICTING EVI-
DENCE.
A decree in an infringement suit, in so far as based on conflicting evi-
dence, will not be disturbed on appeal.

2. PATENTS ⊜328—VALIDITY—INFRINGEMENT—PACKING RINGS.
The Gill patent, No. 1,188,370, for improvements in elastic packing rings,
and patent No. 1,210,371, for improvements in the processes of making
packing rings, held valid and infringed.

Appeal from the District Court of the United States for the East-
ern Division of the Northern District of Illinois.

Suit by Edwin R. Gill and others against George H. Blettner. From
a decree for complainants, defendant appeals. Affirmed.

Joshua R. H. Potts, Arthur A. Olson, and Brayton G. Richards, all
of Chicago, Ill., for appellant.

Wallace R. Lane, of Chicago, Ill., for appellees.

Before KOHLSAAT, ALSCHULER, and EVANS, Circuit Judges.

PER CURIAM. The appeal is from a decree finding valid and in-
fringed claim 1 of United States patent No. 1,188,370, June 20, 1916,
to Gill, for "improvements in processes for making packing rings," and
the four claims of United States patent No. 1,210,371, December 26,
1916, to Gill, for "improvements in elastic packing rings." The pat-
ents relate to the joints of expansible packing rings, which rings com-
prise a single piece of resilient metal, and are used for packing the
cylinders and pistons of automobile engines. Claim 4 of last-named
patent is typical and reads as follows:

"An elastic packing ring having a joint formed by overlapping cheek pieces
having underhung projections whose upper surfaces are formed to depart in-
ward from the normal circular form, said ring having suitably formed re-
cesses adapted to receive said projections and to form a tight fit therewith
when the joint is closed by compression of said ring."

While invalidity in the prior art is asserted, we are satisfied that,
notwithstanding the packing ring art is greatly crowded, the patented
product shows meritorious advance in respect to the particular thing
which is here principally in issue, viz. the "underhung projections
whose upper surfaces are formed to depart inward from the normal
circular form," which the prior art does not disclose.

[1] The main contention for appellant is that the rings he manu-
factured and sold differ from the rings of the patent, in that the up-
per surfaces of the underhung portions did not "depart inward from
the normal circular form," and in proof of this he contends that his
ring blanks, before being processed, are not of circular form, but at
the point where the joint is made are heart-shaped, so that, in cutting

the ring there to form the joint, when it is compressed for insertion in the cylinder, the entire ring not only becomes a true circle for fitting into the cylinder, but the upper surface of the underhung portions does not depart inward from the normal circular form, or, in other words, are not beveled or sloped from their shoulder toward the ends of the projections. If they are not so beveled or sloped, they do not infringe. The court heard the evidence of the witnesses, and had before it alleged infringing devices, as well as the ring-shaped blanks out of which appellant makes them. The evidence of the witnesses was contradictory, and, in so far as the decree is predicated thereon, we cannot disturb it.

[2] Alleged infringing product rings, and ring blanks from which they are made, which were in evidence in the District Court, were brought here with the transcript, and we, like the District Judge, are unable to see or understand that the ring blanks are heart-shaped to any degree. In the matter of the bevel or slope, it is plain from the evidence, as well as from the patent, that the degree of it must needs be very slight to produce an operable device. That it is present in slight degree, in at least some of appellant's finished rings in evidence, is conceded. Where present in any degree, there is infringement. We see no reason to disturb the finding of the decree that appellant made and marketed rings in which the bevel or slope was present, and that thereby he infringed the product patent.

What has been said above with reference to the product patent will apply as well to the process patent. If in making appellant's ring he does not in any degree bevel or slope downward from the shoulder the upper surface of the underhung projections, his process does not infringe; otherwise, it does. The record satisfying us, as it does, that appellant has made and marketed rings which show this bevel or slope, claim 4 of the process patent was likewise by the decree properly found infringed.

Respecting that part of the decree wherein it is stated that appellees were entitled to recover punitive damages, it appears that no amount of such damages was in fact fixed, even if under the law and practice such damages could at that stage of the proceeding have been fixed. If and when any such damages are found and fixed in any decree which may hereafter be rendered on the subject of damages, any party feeling thereby aggrieved may have such decree reviewed agreeably to law and the practice in such case.

The decree of the District Court is affirmed.